# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CARLTON SIMPKINS, )<br>*On behalf of himself and all others* )<br>*similarly situated,* )<br>           )<br>           Plaintiff, )<br>           )<br>v.        )<br>           )<br>UNIVERSITY OF KANSAS )<br>HOSPITAL AUTHORITY, )<br>           )<br>           Defendant. ) | Case No. 2:16-cv-04009-NKL |

## ORDER

Defendant University of Kansas Hospital Authority moves for transfer of venue to the United States District Court for the District of Kansas [Doc. 6]. For the following reasons, the motion is granted.

## I.   Background

Plaintiff Carlton Simpkins, a resident of Kansas City, Missouri, filed this class action suit against Defendant University of Kansas Hospital Authority (UKHA), alleging a violation of the Fair Credit Reporting Act. According to his complaint, Simpkins interviewed in May 2015 with Steve Griffin, a UKHA employee, for the Cook II job position at a UKHA facility. Griffin offered the position to Simpkins at the conclusion of the interview. A week before Simpkins' job orientation was scheduled to begin,

1

however, Griffin allegedly informed Simpkins that UKHA was retracting the offer in light of a background check it conducted. Simpkins maintains he was not provided an opportunity to challenge the contents of his consumer report before UKHA undertook this adverse employment action, a violation of the FCRA. *See* 15 U.S.C. § 1681. Consequently, on behalf of a class of similarly-situated UKHA employees and prospective employees, Simpkins claims he is entitled statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

Simpkins filed suit in the Circuit Court of Cole County, Missouri. On January 8, 2016, UKHA filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446. UKHA's present Motion to Transfer Venue followed.

**II. Discussion**

Pursuant to 28 U.S.C. § 1404(a), UKHA asks the Court to transfer this case to the District of Kansas, which it maintains is a proper venue and a more convenient forum.

Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Based on this language, a court deciding a motion under Section 1404(a) must consider "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Eighth Circuit noted in *Terra*, however, that a district court is not limited to these three factors; rather "such determinations require a case-by-case evaluation of the

2

particular circumstances at hand and a consideration of all relevant factors." *Id*. (citations omitted). *See also Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."). A plaintiff's forum choice is generally entitled considerable deference and thus the party seeking a transfer bears the burden of proving that these factors weigh strongly in its favor. *See In re Apple, Inc.*, 602 F.3d 909, 912-13 (8th Cir. 2010).

As a threshold matter, the Court must first determine whether this case could have been originally brought in the District of Kansas. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The District of Kansas would have had subject matter jurisdiction over the case because Simpkins' sole claim against UKHA alleges a violation of the FCRA, and such action "may be brought in any appropriate United States district court." 15 U.S.C. § 1681p. Further, because UKHA resides in the District of Kansas, venue would have been proper there as well. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). Accordingly, this case could have been originally brought in the District of Kansas.

The Court now turns to the three factors enumerated under Section 1404(a). The first two factors—the convenience of the parties and witnesses—weigh strongly in favor of transfer. According to his complaint, Simpkins interviewed for the Cook II job position at a UKHA office. *See* [Doc. 1-1, p. 2, ¶¶ 11-15]. The affidavit offered by Daniel Peters, UKHA's general counsel, states that this office was UKHA's main campus

in Kansas City, Kansas. [Doc. 7-1, p. 1]. Simpkins has not disputed this affidavit and so the Court may consider it for purposes of UKHA's motion. *See Finn v. Moyes*, 2015 WL 505750, at *4 (D. Minn. Feb. 6, 2015).

Therefore, the underlying events giving rise to Simpkins' FCRA claim occurred in Kansas. UKHA, moreover, resides in Kansas. While Simpkins is a resident of Missouri—his complaint alleges that he lives in Kansas City, Missouri—he is not a resident of the Western District of Missouri, Central Division. In fact, Simpkins lives significantly closer to Kansas than to Jefferson City, Missouri, where the Court is located. *See Mondaca–Vega v. Holder*, 718 F.3d 1075, 1085 (9th Cir. 2013) (finding a court may take judicial notice of geographic distances). The convenience of the parties thus weighs in favor of transfer.

Simpkins points out he has filed this suit as a class action and that, because UKHA has facilities on the Missouri side of the Kansas City metropolitan region, many class members will reside in Missouri. However, Simpkins proposes a class only of "employees or prospective employees of [UKHA] in the United States that suffered an adverse employment action." [Doc. 1-1, p. 4, ¶ 30]. Therefore, most class members would likely be claiming FCRA violations arising out of employment positions at a UKHA facility that is centered in Kansas. There is no evidence to the contrary.

Likewise, the convenience of witnesses also weighs in favor of transfer. Under this factor, a court will consider the "relative ease of access to sources of proof," *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947), including the accessibility of records and documents, *Terra*, 119 F.3d at 696. Because FCRA suits are generally document-

4

intensive, not witness-intensive cases, Simpkins argues that documents relevant to this case can be easily transferred to the Central Division via electronic delivery. He further argues that many of these documents are held by a third-party consumer reporting agency located outside the District of Kansas. But this is only one factor which does not outweigh the locus of this dispute being located outside the Western District of Missouri.

The final factor—the interests of justice—includes considerations such as "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra,* 119 F.3d at 696. Simpkins maintains that his forum choice is entitled deference. Generally, courts will give considerable deference to a plaintiff's chosen forum, but "[t]his general practice of according deference . . . is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple*, 602 F.3d at 912 (internal quotation marks omitted). "When the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981). However, even if the Central District is convenient, Simpkins' choice of forum cannot outweigh the fact that the locus of this dispute is primarily located in Kansas and not Missouri.

Simpkins quotes at length from previous decisions of this Court where a plaintiff's forum choice was not disturbed even though the plaintiff did not reside in that forum. *See Rawlings v. ADS Alliance Data Systems, Inc.*, no. 2:15-cv-04051-NKL, Doc. 46 (W.D. Mo. June 23, 2015); *Foltz v. Guitar Center Stores Inc.*, no. 2:14-cv-04308-NKL,

5

Doc. 20 (W.D. Mo. Jan. 13, 2015). Yet both of these cases are distinguishable. In both *Rawlings* and *Foltz*, the defendant, a non-resident of Missouri, sought to transfer venue between divisions of the Western District of Missouri. The Court denied these motions because, in part, the non-resident defendants faced no added inconvenience from litigating the suit in the plaintiff's chosen division. *See Rawlings*, no. 2:15-cv-04051-NKL, at *2 ("There is little difference in convenience to [defendant], as a non-resident of Missouri, between litigating this action in the Central or Western Division of Missouri."). Notably, UKHA is not requesting a transfer between divisions of the Western District of Missouri, but rather a transfer from the Western District to the District of Kansas. This distinction is what drives the Court's decision.

**III.     Conclusion**

For the foregoing reasons, Defendant University of Kansas Hospital Authority's motion for transfer of venue [Doc. 6] is granted. This case is ordered transferred to the United States District Court for the District of Kansas for all further proceedings.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 23, 2016
Jefferson City, Missouri